No. 20.—LITCHTON & BARKER, plaintiffs in error, *vs.* D. McDou-GALD, *et al.* defendants.

[1.] One creditor cannot attack the lien of another, until it comes in conflict with his own rights.

[2.] In a contest between attachments and ordinary suits, it is the *judgment*, and not the *levy*, which fixes the lien. And if the judgment, by ordinary process, be older than the attachment judgment, it takes precedence in the distribution of money arising from the sale of the defendant's property.

Motion to distribute money. In Muscogee Superior Court. Decided by Judge ALEXANDER, May Term, 1848.

The facts are found in the decision of the Court.

THOMAS & DOWNING, for plaintiff in error, cited

*Prince*, 34, 426.    *Hotchkiss*, 558.    3 *Kelly*, 173.

JONES, BENNING & JONES, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Money was brought into Court, arising from the sale of Benjamin Herd's property. There were various judgments against the defendant; some by attachment, and others obtained by suit, in the ordinary way. Litchton & Barker, who were judgment creditors, by ordinary suit, moved to have the fund distributed rateably between them and the attachment judgments of the same date. But the presiding Judge refused to allow their motion, upon the ground that their judgment was not obtained *before* the attachment judgments.

Litchton & Barker then applied to set aside the execution in favor of Daniel McDougald, founded upon attachment, and older than theirs, upon various grounds set forth in the motion. But this application the Court refused to entertain, for the reason that the *fi. fa.* of McDougald was not before the Court, urging payment.

Litchton & Barker insisted, *lastly,* upon a *pro rata* division of the money in hand, after setting apart enough to satisfy McDougald. This the Court disallowed. To all which rulings, the said Litchton and Barker, by their counsel, excepted.

[1.] We think it very clear, that His Honor, Judge Alexander, was right in denying to the plaintiffs in error, the privilege of assailing McDougald's claim, before it interfered with their rights. It might be good against the defendant, if not third persons. And they had no right to attack it until it stood in their way.

[2.] As to the *first* and *third* grounds in the bill of exceptions, they present really the same question. And it is this—whether a judgment obtained by ordinary process, is not entitled to share rateably with attachment judgments of the same date. We are of the opinion that this point is conclusively settled by *Mc-Dougald vs. Barnard & Co.* 3 *Kelly*, 169. The Court there held

that, " in contests between attachments and ordinary suits, it is as it was from 1799, the *judgment* and not the *levy*, which fixes the *lien.*"   *p.* 173.

Judgment reversed.